IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

HERBERT GLENN HEAD,

      Petitioner,

vs.                                                                      No. CV 16-00531 JCH/LF

SOCIAL SECURITY ADMINISTRATION

      Respondent.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

**THIS MATTER** is before the Court under rule 4 of the Rules Governing Section 2254 Cases on the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody filed by Petitioner Herbert Glenn Head on June 6, 2016 and amended June 17, 2016 and July 1, 2016 (Doc. 1, 4, 10). Head is not in custody of the Social Security Administration or pursuant to a judgment of the Social Security Administration. The Court lacks jurisdiction, the Petition fails to state a claim upon which relief can be granted, and the Petition will be dismissed. Also before the Court are Head's Application to Proceed in District Court Without Prepaying Fees or Costs filed June 17, 2016 and amended July 1, 2016 (Doc. 5, 11) and Head's Motion for Hearing filed June 29, 2016 (Doc. 8), which the Court will deny as moot in light of the dismissal of this action.

      The Court has the discretion to dismiss an in *forma pauperis* petition *sua sponte* under § 1915(e)(2) "at any time if the action . . . is frivolous or malicious; [or] fails to state a claim upon which relief may be granted." The Court also may dismiss a petition *sua sponte* under rule 12(b)(6) for failure to state a claim if it is patently obvious that the petitioner could not prevail on

1

the facts alleged, and allowing him an opportunity to amend would be futile.  *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991) (quoting *McKinney v. Oklahoma Dep't of Human Services,* 925 F.2d 363, 365 (10th Cir. 1991)).  A petitioner must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing Head's Petition, the Court applies the same legal standards applicable to pleadings that counsel drafts, but liberally construes the allegations.  *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The proceedings in this case are governed by the provisions of 28 U.S.C. § 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act of 1996, 110 Stat. 1214 (the "AEDPA").  A petition under § 2254 attacks state custody of a petitioner on the grounds that custody is in violation of the Constitution, laws, or treaties of the United States.  28 U.S.C. § 2254(a). The Court has an ongoing duty to determine the existence of proper jurisdiction and must dismiss the action if, at any time, it determines there is a lack of jurisdiction.  *Tuck v. United Services Auto. Ass'n.* 859 F.2d 842, 844 (10th Cir. 1988); *Basso v. Utah Power & Light Co.,* 495 F.2d 906, 909 (10th Cir. 1974).   Under 28 U.S.C. § 2254, this Court may entertain an application for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State Court."   28 U.S.C. § 2254(a) (emphasis added). The custody requirement is jurisdictional.  *Mays v. Dinwiddie*, 580 F.3d 1136, 1138-1139 (10th Cir. 2009).

Head is proceeding pro se under 28 U.S.C. § 2254 and has named the Social Security Administration as Respondent in this proceeding.   However, the proper respondent in a proceeding for writ of habeas corpus is the warden or superintendent of the state institution in which the petitioner is confined.  *Smith v. Idaho,* 392 F.3d 350 (9th Cir. 2004); *Copeland v. Mississippi,* 415 F.Supp. 1271 (N.D. Miss. 1976); *Spradling v. Maynard,* 572 F.Supp. 398 (W.D.

Okla. 1981).  Under 28 U.S.C. § 2254, habeas corpus relief is only available against the state officer having custody of the plaintiff.  *Bridges v. Chambers,* 425 F.3d 1048, 1049 (7th Cir.2005); *Smith v. Idaho, 392 F.3d at 354-55; see, also,* rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts). The Court lacks jurisdiction over a habeas petition when the state official having custody under a state court judgment is not named as respondent. *Hopkins v. Chicago,* 358 F.Supp. 1202 (N.D. Ill. 1973).   Head is not in the custody of the Social Security Administration as required by 28 U.S.C. § 2254, the Petition fails to state a claim, and the Court lacks jurisdiction to grant habeas corpus relief against the Social Security Administration.

The Court could construe Head's petition as asserting a claim pursuant to *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics,* 403 U.S. 388 (1971). *Bivens* creates a cause of action against federal officials similar to the cause of action § 1983 creates against state officials. However, even construing Head's claims as *Bivens* claims, the Petition still does not state a claim for relief. *Bivens* only applies to individual federal officials, and *Bivens* claims against the United States and its agencies are barred by sovereign immunity. *Greenlee v. U.S. Postal Service,* 247 F.App'x 953, 955 (10th Cir. 2007). Therefore, any *Bivens* claim for damages against the Social Security Administration fails.

The Court lacks jurisdiction over Head's Petition because his is not in custody of the Social Security Administration. *Mays v. Dinwiddie*, 580 F.3d at 1138-1139.  The Court will not construe Head's Petition as a claim under *Bivens*, nor will the Court grant Head leave to amend because Head cannot state a claim for relief against the Social Security Administration and any amendment would be futile.  *Hall v. Bellmon*, 935 F.2d at 1109.  The Court also determines that Head has failed to make a substantial showing of denial of a constitutional right and the Court

will deny a Certificate of Appealability under 28 U.S.C. § 2253(c)(2) and rule 11 of the Rules Governing Section 2254 Proceedings.

**IT IS ORDERED** that on the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody filed by Petitioner Herbert Glenn Head on June 6, 2016 and amended June 17, 2016 and July 1, 2016  (Doc. 1, 4, 10) is **DISMISSED** for lack of jurisdiction and a Certificate of Appealability is **DENIED** under rule 11 of the Rules Governing Section 2254 Proceedings. **IT IS FURTHER ORDERED** that Head's Application to Proceed in District Court Without Prepaying Fees or Costs filed June 17, 2016 and amended July 1, 2016 (Doc. 5, 11) and Head's Motion for Hearing filed June 29, 2016 (Doc. 8) are **DENIED** as moot in light of the dismissal of this action.

_____
UNITED STATES DISTRICT JUDGE